1 | Thomas J. Coleman, Jr., Esq. (SBN:145663)
Associate Counsel, Legal Services
2 | WRITERS GUILD OF AMERICA, WEST, INC.
7000 W. Third Street
3 | Los Angeles, California 90048

4 | (323) 782-4521
(323) 782-4806 FAX
5 | Attorney for Petitioners

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| Writers Guild of America, West, Inc., Joe Forristal, Michael Serrato and Brian Clark, | CASE NO.: CV09-0120 FMC AJWx |
| Petitioners, | 1. NOTICE OF MOTION AND MOTION FOR ORDER CONFIRMING THE ARBITRATOR'S FINDINGS AND CONCLUSIONS AND FINAL AWARD AND FOR ENTRY OF JUDGMENT IN CONFORMITY THEREWITH; |
| vs. | |
| Material Films, LLC, | |
| Respondent. | 2. MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; |
| | 3. DECLARATION OF THOMAS J. COLEMAN, JR. |
| | DATE: 3/2/09
TIME: 10:00 a.m.
CTRM: Roybal, 750
HONORABLE Florence-Marie Cooper |

NOTICE OF MOTION

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

NOTICE IS HEREBY GIVEN that pursuant to § 301(a) of the Labor Management Relations Act of 1947 ("LMRA"), as amended, (29 U.S.C. § 185(a)), on March 2, 2009, at 10:00 am, or as soon as the matter may be heard, petitioner Writers Guild of America, West, Inc. ("WGAW", "Guild" and/or "Petitioner") will

1

1  petition the Court in Courtroom ___ of the United States District Court located at
2  _255 E. Temple St.___, Los Angeles, California for an Order:

    1.    Confirming the Arbitrator's Opinion and Award ("Award") in all respects.

    2.    Entering judgment in conformity therewith.

    3.    Awarding attorneys' fees in the amount of $1,500.00 and costs in the amount of $350.00.

    4.    Awarding such other and further relief as the Court deems just and proper.

This Motion is made on the grounds that the Award in WGAW Arbitration Case Number 07-CO-017 was issued pursuant to the collective bargaining agreement to which Petitioner and Respondent Material Films, LLC ("Respondent") are bound. The collective bargaining agreement expressly provides that such an Award may be confirmed in a Court of competent jurisdiction.

The Motion is based upon this Notice of Motion, the Memorandum of Points and Authorities attached hereto, the accompanying Motion, all pleadings and papers on file in this action and upon such further oral or documentary evidence as may be presented to the
Court at the time of hearing.

                                              WRITERS GUILD OF AMERICA WEST, INC.

DATED: _11/13/08_        By: _____
                                        Thomas J. Coleman, Jr.
                                        Attorney for Petitioners

W:\Compensation cases\Co07017\PTC\DRAFT PTC Notice Memo Declaration.doc

MEMORANDUM OF POINTS AND AUTHORITIES

Petitioner respectfully submits the following Memorandum of Points and Authorities in support of this Motion for Order Confirming the Arbitrator's Opinion and Award ("Award").

I.

STATEMENT OF FACTS

A.  Parties

This Motion is brought by the WGAW to confirm the Award issued pursuant to the WGAW's collective bargaining agreement with various employers in the television and theatrical motion picture industry. Respondent Material Films, LLC ("Respondent") became signatory to or otherwise bound by the 2004 WGA Theatrical and Television Basic Agreement ("MBA") by the signature of their authorized agent.

During the term of the MBA, on or about May 1, 2006, Respondent entered into a writing and executive producer agreement with the Writing Team ("Team") of Joe Forristal, Michael Serrato and Brian Clark to write and prepare a Story, a half-hour Teleplay (including First Draft and Final Draft) and a set of Revisions for the Pilot ("Pilot") of the Series entitled, "That Gay Ghost."

Respondent guaranteed the Team $30,000.00 in compensation, payable in equal thirds to the three Team Writers: 10% ($3,000.00) upon commencement of the writing of the Story; 20% ($6,000.00) upon Producer's timely receipt of the Story; 40% ($12,000.00) within five business days of Producer's timely receipt of the First Draft of the Teleplay; 15% ($4,500.00) within five business days of Producer's timely receipt of the Final Draft of the Teleplay; and 15% ($4,500.00) five business days after Producer's timely receipt of the Revisions.

In October 2005, prior to the May 1, 2006 "as of" date of the Agreement, the Team commenced writing the Story, and asked Respondent to pay the 10% ($3,000.00) required as commencement compensation on or before October 25, 2005. Respondent failed to do so.

Reasonably continuing in their expectation to be compensated, the Team wrote, and on or about January 6, 2006, delivered the Story. At that point, in addition to the unpaid $3,000.00, Respondent was required by MBA Article 13.B. to pay $6,000.00 for delivery of the Story no later than January 18, 2006. Respondent failed to do so.

Thereafter, the Team wrote, and on or about February 28, 2006, delivered the First Draft for the Pilot. In addition to the unpaid $9,000.00, Respondent was then required to pay the Team $12,000.00 upon delivery of the First Draft, no later than March 6, 2006. Respondent failed to do so, leaving the Team still owed unpaid required compensation of $21,000.00.

Nevertheless, Respondent then instructed the Team to write the Final Draft of the Teleplay for the Pilot. On or about March 15, 2006, the Team delivered the Final Draft to Respondent, which required payment to the Team of $4,500.00. Respondent continued to fail to make the payments, at that point leaving the Team unpaid $25,500.00.

The Team remained ready, willing and able to complete their obligations under the Agreement by writing and delivering the required Revisions. Respondent failed to give the Team its notes on the Final Draft so the Team could write the Revisions. Respondent was required to pay the Team the guaranteed compensation of $4,500.00 for the Revisions no later than June 30, 2006.

Instead of compensating the three Team Writers pursuant to the terms of the Agreement, Respondent paid Mr. Serrato $10,000.00 on March 27, 2007 and Mr. Forristal $10,000.00 on April 13, 2007. Respondent informed Mr. Clark that it didn't have the funds to pay him the $10,000.00 due him under the Agreement for his writing services. In breach of the provisions of the agreement and MBA, Respondent has failed and refused, and continues to fail and refuse to pay the Team the balance of the compensation due.

Respondent is liable for any and all MBA obligations in connection with the Pilot.

The MBA is a collective bargaining agreement between the WGAW and various theatrical and television employers in the motion picture and television industries, industries affecting commerce in the United States. The MBA contains arbitration provisions that govern disputes arising under its terms.

Respondent is therefore liable for all the obligations and violations alleged herein.

B.    <u>The Award Against Respondent</u>

Pursuant to the arbitration provisions contained in Articles 10, 11 and 12 of the MBA, the parties submitted the above-described dispute to Edgar Jones, Jr., the sole neutral Arbitrator ("Arbitrator"). The Arbitrator signed and issued his Arbitrator's Opinion and Award ("Award") on May 19, 2008. Respondent was duly notified of the hearing pursuant to Article 10.A.6.a. of the MBA. True and correct copies of MBA Articles 10, 11 and 12 are attached hereto as Exhibit "A" and are incorporated herein by this reference. A true and correct copy of the Award is attached hereto as Exhibit "B" and incorporated herein by this reference.

In the Award, Arbitrator Jones, ordered the following:

1.    Material Films, LLC is hereby ordered to immediately pay to the WGAW on behalf of Brian Clark: (1) compensation in the principal amount of $10,000.00, together with accrued interest at the rate of 1.5% per month through May 13, 2008, in the amount of $3,877.50. Interest shall accrue on the unpaid compensation at 1.5% per month until the unpaid compensation is paid in full; (2) Pension Plan and Health Fund contributions in the principal amount of $1,450.00, together with accrued interest at .83% per month through May 13, 2008, in the amount of $311.11, and continuing to accrue on unpaid contributions at the rate of .83% per month until paid in full.

2.   Material Films, LLC is hereby ordered to immediately pay to the WGAW on behalf of Michael Serrato: (1) interest in the amount of $1,890.00 for late payment of compensation; (2) Pension Plan and Health Fund contributions in the principal amount of $1,450.00, together with accrued interest at .83% per month through May 13, 2008, in the amount of $311.11, and continuing to accrue on unpaid contributions at .83% per month until the unpaid contributions are paid in full.

3.   Material Films, LLC is hereby ordered to immediately pay to the WGAW on behalf of Joe Forristal: (1) interest in the amount of $1,890.00 for late payment of compensation; (2) Pension Plan and Health Fund contributions in the principal amount of $1,450.00, together with accrued interest at .83% per month through May 13, 2008, in the amount of $311.11, and continuing to accrue on unpaid contributions at .83% per month until paid in full.

4.   The Arbitrator's fee and expenses, totaling $2,515.00, shall be divided equally between the Company and the Guild. The Guild shall pay the total sum due the arbitrator. The Guild is assigned the right to be reimbursed by the Company for its half share.

5.   The court reporter's fee shall be divided equally between the parties. The Guild shall pay the total sum due the court reporter. The Guild is assigned the right to be reimbursed by the Company for its half share. The Arbitrator's invoice for his services in connection with the arbitration is attached hereto as Exhibit "D." The WGAW paid its own share of $1,257.50 and also Respondent's share of $1,257.50.

The Award was served upon the Respondent at the time it was rendered by the Arbitrator. Additionally, Petitioner mailed a copy of the Award to Respondent along with a demand for payment and satisfaction thereon on or about July 2, 2008. A true and correct copy of the demand letter for payment and satisfaction of the Award is attached hereto as Exhibit "C" and is incorporated herein by this reference.

Respondent has failed and/or refused and continues to fail and/or refuses to pay any and all the sums required by the Award described above. Petitioner hereby seeks an Order of the Court confirming the Award and entering judgment in conformity therewith, and pursuant to California Code of Civil Procedure §§ 1032(b) and 1033.5 and the LMRA, Respondent should be ordered to pay the WGAW attorneys' fees in the amount of $1,500.00 and costs in the amount of $350.00 as set forth in the accompanying Declaration of Thomas J. Coleman, Jr.

## II.

## LAW AND ARGUMENT

A.  This Court is Empowered to Confirm the Award

The District Courts are empowered to enforce Awards issued in accordance with a collective bargaining statement. United Steelworkers of America v. Enterprise Wheel and Car Corp., 363 U.S. 597, 80 S.Ct. 1358, 4 L.Ed.2d 1424 (1960). The Award was based upon the aforementioned MBA, the collective bargaining agreement to which Petitioner and Respondent are bound. Article 12.E. of the MBA allows any Court of competent jurisdiction to confirm the Award. Accordingly, this Court is empowered to affirm and enforce the Award.

B.  An Award Must Be Upheld If It Draws Its Essence From The Collective Bargaining Agreement

Under the Steelworkers Trilogy cited below, the Court will not review the substantive merits of an Award made in accordance with a collective bargaining agreement. See United Steelworkers v. American Manufacturing Co., 363 U.S. 564, 80 S.Ct. 1343, 4 L.Ed.2d 1403 (1960); United Steelworkers v. Warrior and Gulf Navigation Co., 363 U.S. 574, 80 S.Ct. 1347, 4 L.Ed.2d 1409 (1960); United Steelworkers v. Enterprise Wheel and Car Corp., 363 U.S. 593, 80 S.Ct. 1358, 4 L.Ed.2d 1424 (1960). Instead, the Court will defer to the Arbitrator's legal and factual determinations. American Postal Workers Union AFL-CIO v. United States Postal

Service, 682 F.2d 1280, 1284 (9th Cir. 1982), cert. denied, 459 U.S. 1200, 103 S.Ct. 1183, 75 L.Ed.2d 431 (1983).

If the Arbitrator's Award draws its essence from the collective bargaining agreement in the context of the text of the agreement and the conduct of the parties, the Award will be upheld. United Steelworkers v. Enterprise Wheel and Car Corp., supra, 363 U.S. at 597; Broadway Cab Cooperative v. Teamsters and Chauffeurs Local 281, 710 F.2d 1379, 1382 (9th Cir. 1983).

In this instance, on the basis of the Award entered into between the WGAW and Respondent, the Arbitrator applied the relevant provisions of the collective bargaining agreement, the MBA, to the facts and found Respondent liable to the Team for unpaid compensation in connection with the Pilot.

As a matter of public policy and in the interest of the stability of labor relations, the collective bargaining agreement and the Award issued thereunder must be enforced.

Accordingly, the Award, drawing its essence and terms from the collective bargaining agreement, should be confirmed and judgment should be entered in conformity therewith.

C.   Petitioner Should Be Awarded Its Attorneys' Fees

Attorneys' fees may be recovered in an action brought under the LMRA § 301 and 29 U.S.C. § 185, where a party without justification refuses to abide by an Award. International Union of Petroleum and Industrial Workers v. Western Industrial Maintenance, Inc., 707 F.2d 425, 428 (9th Cir. 1983); See also UAW v. United Farm Tools Inc., 762 F.2d 76, 77 (8th Cir. 1985) (unjustified refusal to abide by Award, combined with failure to act to set aside award, is evidence of bad faith sufficient to warrant attorneys' fees).

Although served with a copy of the Award, Respondent has refused to comply with it. In addition, Respondent has taken no timely action to correct or vacate the Award. These facts demonstrate Respondent's bad faith disregard for the provisions

of the MBA. Therefore, the Court should award the WGAW its reasonable attorneys' fees in the amount of $1,500.00 and costs in the amount of $350.00 as set forth in the accompanying Declaration of Thomas J. Coleman, Jr.

### III.
### CONCLUSION

For all the foregoing reasons, Petitioners request an Order confirming the aforementioned Award, entering judgment in conformity therewith, and awarding attorneys' fees in the amount of $1,500.00 and costs in the amount of $350.00 to the WGAW.

Respectfully submitted,

WRITERS GUILD OF AMERICA WEST, INC.

DATED: 11/13/08          By: _____
                              Thomas J. Coleman, Jr.
                              Attorney for Petitioners

W:\Compensation cases\Co07017\PTC\DRAFT PTC Notice Memo Declaration.doc

## DECLARATION OF THOMAS J. COLEMAN, JR.

I, Thomas J. Coleman, Jr., declare:

1. I am the attorney for Petitioner Writers Guild of America, West, Inc. ("WGAW" or "Guild") in the matter before this Court.

2. I have read the Motion for Order Confirming the Arbitrator's Opinion and Award and for Entry of Judgment in Conformity Therewith ("Motion"). The allegations contained in the Motion are true to my own knowledge except as to those matters, which were stated on information and belief, as to those matters, I believe them to be true.

3. This declaration is submitted in support of the WGAW's request for reimbursement of attorneys' fees pursuant to California Code of Civil Procedure §§ 1032(b) and 1033.5, and § 301(a) of the LMRA.

4. I graduated from Tulane University School of Law in 1980 and was admitted to the Bar of the State of California in 1989. I am also admitted to practice in the United States District Court, Central District of California. From 1990 until the present, I have practiced law in the State of California, specializing in labor and employment law.

5. Since 1997, I have been employed by the WGAW in Los Angeles. I represent the WGAW and writers in the entertainment industry in a wide variety of arbitration cases arising under the collective bargaining agreement with the Alliance of Motion Picture and Television Producers.

6. On May 19, 2008, Arbitrator Edgar A. Jones, Jr. signed the Arbitrator's Opinion and Award ("Award") against Respondent Material Films, LLC ("Respondent") pursuant to the 2004 Writers Guild of America Theatrical and Television Basic Agreement ("MBA") arising out of a dispute that Petitioner and Respondent submitted to the Arbitrator and served it upon the Respondent and Petitioner.

7. Attached hereto as Exhibit A is a true and correct copy of Articles 10, 11 and 12 of the MBA, dealing with grievance and arbitration pursuant to the MBA as well as enforcement of arbitration awards obtained pursuant thereto. Attached as Exhibit B is a true and correct copy of the Arbitration Award issued by Arbitrator Edgar A. Jones, Jr. on May 19, 2008 and served on Respondent at that time. Pursuant to Article 17 of the MBA, pension and health contributions are set at 14.5% of all compensation paid or to be paid thereunder and, in accordance with the WGAW health fund and pension plan trust fund, interest on all unpaid contributions is set at .83% per month on all unpaid principal amounts until paid in full.

8. Attached as Exhibit C is a true and correct copy of the demand for payment and satisfaction of the Arbitration Award that was mailed to Respondent on or about July 2, 2008. The amounts stated therein are the amounts stated and/or referred to in the Arbitration Award and which are due and owing thereunder.

9. Attached as Exhibit D is Arbitrator's invoice for payment for his services in the above described arbitration. The WGAW paid its own share of $1,257.50 and also Respondent's share of $1,257.50.

10. I have reviewed my activities on behalf of the Petitioners in this matter. In calculating the hours set forth herein, I have considered my time in preparing this declaration, the Motion, travel, and court time.

11. I have calculated the reasonable market value of my services by taking the prevailing hourly billing rate of private attorneys who specialize in labor relations law in Los Angeles and placing my value within the lower range of that scale. Based upon those rates, a reasonable rate for attorneys of my background and experience in labor relations law is no less than $250.00 per hour. The WGAW is also entitled to the $350.00 fee that this Court collects for filing the Motion.

12. Fees awarded in this action will not inure to me personally but will be paid to the WGAW, a non-profit membership corporation and certified labor

organization. No part of the monies recovered will be used for non-litigation activities of the WGAW.

13. The compensation to which the WGAW is entitled for my services is $1,500.00, which was computed as follows: 6 hours x $250.00 = $1,500.00. The WGAW is also entitled to the $350.00 fee that this Court collects for filing the Motion.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed at Los Angeles, California, this 13th day of November 2008.

Thomas J. Coleman, Jr.
Attorney for Petitioners

W:\Compensation cases\Co07017\PTC\DRAFT PTC Notice Memo Declaration.doc